UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DISTRICT

DR. STEPHANIE W. MCKENNIE,

   Plaintiff,

v.            Case No.: 22-835

EXCELSIOR COLLEGE,

   Defendant.

## COMPLAINT

### NATURE OF THE CASE

1. This action is brought by the plaintiff, Dr. Stephanie W. McKennie, under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, [42 U.S.C. § 2000 *et. seq.*], to redress race discrimination by the defendant, Excelsior College, against Dr. McKennie.

### JURISDICTION AND VENUE

2. Jurisdiction over Dr. McKennie's claim of race discrimination under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, [42 U.S.C. § 2000 *et. seq.*] is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3).

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, in that the defendant is found within the Eastern District and the unlawful actions occurred in the Eastern District.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

## DEMAND FOR JURY TRIAL

5. Dr. McKennie demands that her case be tried to a jury of her peers.

## PARTIES

6. Dr. McKennie is an adult resident of Wisconsin who resides at N64 W13297 Crestwood Drive, Menomonee Falls, WI 53051.

7. Defendant, Excelsior College, is a private online university founded by the New York Board of Regents and located at 7 Columbia Cir., Albany, NY 12203. It offers undergraduate and graduate degrees and comprises three schools: the School of Undergraduate Studies, the School of Graduate Studies, and the School of Nursing.

## OPERATIVE FACTS

8. Dr. McKennie commenced employment with Excelsior College in 2006, left in 2011, and returned to her employment with Excelsior in June 2018 as a Clinical Examiner ("CE").

9. Dr. McKennie is African American.

10. Dr. McKennie reports to Kimberly Hawley and the Dean, Mary Pollard, who are both Caucasian.

11. As a CE, Dr. McKennie administered Clinical Performance in Nursing Exams in Wisconsin and Texas.

12. From February 2020 until August 2021, Dr. McKennie had signed-up for, was approved, and traveled to Texas assignments, without incident.

13. While working in Texas during August 2021, two Caucasian employees made a false complaint against Dr. McKennie.

14. Pollard accepted the false complaint by the two Caucasian employees as true without speaking to Dr. McKennie. Pollard treated Dr. McKennie in this adverse manner because of her race and treated comparably situated Caucasian employees more favorably in regard to the investigation of complaints.

15. On August 20, 2021, Pollard sent Dr. McKennie a letter falsely stating that Dr. McKennie was in need of retraining and would not receive work assignments until the training was completed. Pollard imposed these requirements on Dr. McKennie because of her race and treated comparably situated Caucasian employees more favorably in regard to work assignments and training.

16. Even though Dr. McKennie successfully completed both phases of the training as scheduled with no deficiencies, Pollard refused to pay for the first phase of the training because of Dr. McKennie's race. Pollard treated comparably situated Caucasian employees more favorably in regard to payment for training.

17. Pollard also falsely claimed that, "it is not feasible for the college to continue to assume the expense of your airfare and hotel accommodations to travel to Texas when you live within driving distance to an active CPNE test center." Pollard treated Caucasian CEs living in Wisconsin more favorably than Dr. McKennie by allowing them to sign-up for and work in Texas.

18. Pollard mandated that Dr. McKennie undergo unnecessary training, refused to compensate Dr. McKennie for her participation in Phase I of the two-phase training session, and

took away Dr. McKennie's work assignments, in violation of Title VII of the Civil Rights Act of 1964, for no reason other than Dr. McKennie is African American.

## CLAIM FOR RELIEF
## RACE DISCRIMINATION

19. As and for a claim for relief, Dr. McKennie re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

20. The allegations more particularly described above constituted race discrimination against Dr. McKennie, with malice or with reckless indifference to the federally protected rights of Dr. McKennie, in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, [42 U.S.C. § 2000e-2(a)(1)], causing Dr. McKennie emotional distress, pain, suffering, losses of wages, expenses, and advancement opportunities, all to her damage.

WHEREFORE, plaintiff, Dr. McKennie, demands relief as follows:

    A. Judgment against defendant awarding plaintiff damages for loss of wages;

    B. Judgment against defendant awarding plaintiff her costs, disbursements, prejudgment interest, actual attorney's fees incurred in prosecuting this claim, together with interest on said attorney's fees;

    C. Judgment against defendant awarding plaintiff punitive damages in an amount deemed sufficient by the trier of fact to punish and deter the defendant from engaging in such unlawful conduct now and in the future; and

    D. Such other relief as the Court deems just and equitable.

Dated this 21st day of July, 2022.

    s/Alan C. Olson
    Alan C. Olson, SBN: 1008953
    Nicholas O. Yurk, SBN: 1095278
    Attorneys for Plaintiff
    Alan C. Olson & Associates, S.C.
    2880 S. Moorland Rd.
    New Berlin, WI 53151
    Telephone: (262) 785-9606
    Fax: (262) 785-1324

Email: AOlson@Employee-Advocates.com